■ In the Matter of the Claim of DEBORAH D. ROBERTSON, Respondent. ST. JOHN'S HOME, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 27, 1983, which ruled that claimant was entitled to receive benefits. Claimant, a four-year employee, was discharged from her job as a laundry aide at St. John's Home on November 8, 1982, ostensibly for misconduct and tardiness. On November 17, 1982, she filed for unemployment insurance benefits. In the interim, she was employed for one day as a substitute nurses' aide by Cora Quackenbush. St. John's Home, claimant's penultimate employer, challenged her entitlement to benefits; it maintained that she is ineligible because the intervening one day of work did not constitute employment and, if it did, then she was still in Cora Quackenbush's employ when she filed her claim. We affirm. The single day of work as a nurses' aide did constitute employment (see *Matter of Walls [Catherwood]*, 26 AD2d 883, 884). Had claimant filed for benefits prior to her employment by Quackenbush, she would have been required to comply with subdivision 3 of section 593 of the Labor Law which prescribes that a claimant have worked not less than three days in four weeks or earned at least $200. Fortuitously, she filed for unemployment benefits after she had been employed by Cora Quackenbush and is therefore eligible to receive benefits provided she is not still employed by Quackenbush and that such employment, her last before filing, ended under nondisqualifying conditions (Labor Law, §§ 591, 593, subd 3). Substantial evidence exists that claimant was unemployed when she made her claim. Nothing in the record suggests that the employment relationship she attained with Quackenbush was other than bona fide or that it was lost because of misconduct. Moreover, though she worked for Quackenbush one additional day after filing for unemployment benefits, the work was so uncertain as not to constitute continuous employment; that employment was characterized by discrete episodes, each of which terminated at the conclusion of each separate assignment. Furthermore, her expectation of future work for Quackenbush was not assured by either promise or precedent. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.